IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BERNIE EVANS                                                                                   PLAINTIFF

v.                             Civil No. 2:18-CV-02036

SHERIFF HOLLENBECK,                                  DEFENDANTS
DEPUTY BARNETT, and
DEPUTY JOHN DOE (a/k/a/ Engleman)

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendants' Motion for Partial Summary Judgment by Defendants Hollenbeck and Doe/Engelman.[1] (ECF No. 25).

## I. BACKGROUND

Plaintiff filed his Complaint on February 23, 2018. (ECF No. 1). He was directed to file an Amended Complaint, and he did so on March 12, 2018. (ECF No. 6). He alleges his constitutional rights were violated on May 19, 2017, while in the custody of the Sebastian County Detention Center. Specifically, Plaintiff alleges that Defendant Barnett physically assaulted him while he was in handcuffs, "breaking the bones in Plaintiff's face." (ECF No. 6 at 4). In describing the custom or policy which violated his rights, Plaintiff alleges Defendant Barnett violated company policy by assaulting him. (ECF No. 6 at 5).

Plaintiff alleges Defendant Doe/Engelman failed to stop Defendant Barnett from assaulting him, allowing Barnett to strike him several times. In describing the custom or policy which

---

[1] Defendant Barnett does not move for summary judgment on the individual capacity excessive force claim. (ECF No. 26 at 2 n.1).

1

violated his rights, Plaintiff alleges Defendant Doe/Engelman failed to follow protocol during the assault. (ECF No. 6 at 6).

Plaintiff alleges Defendant Hollenbeck failed to train and monitor Defendants, which resulted in the assault. (ECF No. 6 at 6). In describing the custom or policy which violated his rights, Plaintiff alleges Defendant Hollenbeck "failed to properly assure" that Defendants Barnett and Doe/Engelmann were trained "in regards to assaulting inmates." (ECF No. 6 at 7).

Plaintiff proceeds against all Defendants in their official and personal capacities. (ECF No. 6 at 4-6). Plaintiff seeks compensatory and punitive damages and any other relief the court deems appropriate. (ECF No. 6 at 7). Plaintiff's official capacity claims against Defendants Barnett and Doe/Engelmann were dismissed on March 26, 2018, pursuant to the PLRA preservice screening process. (ECF No. 12).

Defendants filed their Motion for Partial Summary Judgment on September 13, 2018. (ECF No. 25). That same day, the Court entered an Order directing Plaintiff to file a response to the Motion by October 4, 2018. (ECF No. 28). In this Order Plaintiff was advised that failure to comply with the Court's Order would result in: (a) all of the facts set forth by the Defendants in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or, (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). (*Id*.). Plaintiff failed to file any Response and has not otherwise communicated with the Court.

The Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the Summary Judgment Motion. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001).

As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will "piece[ ] together [Plaintiff's] version of the facts from the verified complaint. . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016) (citing *Roberson v. Hayti Police Dep't.*, 241 F.3d 992 (8th Cir. 2001)). "Those portions of the Defendants' statement of material facts that do not conflict with [Plaintiff's verified complaint] are deemed admitted." *McClanahan,* 2016 WL 520983, at *1.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "Conclusory, non-specific statements in an affidavit or verified complaint" are also insufficient. *McLanahan*, 2016 WL 520983, at *6 (citing *Chavarriaga v. N.J.*

3

*Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) and *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) (Unsubstantiated and conclusory allegations in an affidavit, standing alone, "cannot create a genuine issue of material fact precluding summary judgment."). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, the facts set forth by the Defendants are deemed admitted except to the extent contradicted by the verified complaint. The question is, given the facts as pieced together by the Court, whether there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated.

### III. ANALYSIS

Defendants Hollenbeck and Doe/Engelmann argue summary judgment should be granted in their favor because: (1) Plaintiff failed to submit a grievance for the May 19, 2018, incident prior to filing this lawsuit; (2) Plaintiff failed to establish that any policy of Sebastian County was the moving force behind any alleged violation; (3) Plaintiff failed to establish Defendant Hollenbeck's supervisory liability for or personal involvement with the incident; and, (4) Defendant Doe/Engelman is entitled to qualified immunity. (ECF No. 26 at 3-16).

Defendants further argue that if the Court finds that Plaintiff failed to exhaust his administrative remedies in this case, dismissal should be with prejudice because Plaintiff is no longer incarcerated in the Sebastian County Detention Center and is therefore incapable of exhausting his remedies for the May 19, 2017, incident. (ECF No. 26 at 3-4).

Plaintiff failed to exhaust his administrative remedies regarding the May 19, 2017, incident. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with

4

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

The Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

Plaintiff admitted in his Amended Complaint that he did not file a grievance about the incident on May 19, 2017. As stated in the Affidavit provided by Captain Dumas, there is no record of a grievance concerning this incident. (ECF No. 25-1). Instead, the grievance record indicates Plaintiff's only grievances addressed issues with mailing his § 1983 form for this case. (ECF No. 25-2 at 7). Dumas' affidavit further notes that Plaintiff was in and out of the Sebastian

5

County Detention Center between May 10, 2017, and March 30, 2018, when he was released to the custody of the Pike County Sheriff's Department. (ECF No. 27-1 at 1).

Nothing in Plaintiff's verified Complaint contradicts Defendants' assertion that he failed to exhaust his administrative remedies regarding the incident on May 19, 2017. As noted by Defendants, Plaintiff clearly stated he did not file a grievance because he "was released from jail." The record indicates Plaintiff was released on an Appearance Bond on May 23, 2017, then booked back into the facility on June 28 and July 26 of 2017. He was released the same day that he was booked in on those two dates. He was booked back in on September 5, 2017 and released on September 7, 2017. He was then booked in on November 10, 2017, and he remained incarcerated until March 30, 2018, when he was transferred to the custody of the Pike County, Arkansas, Sheriff's Department.

The Sebastian County grievance policy submitted by Defendants does not list a deadline for inmates to file a grievance after a grievable incident occurs. (ECF No. 27-3). Plaintiff, therefore, had ample opportunity to submit a grievance before filing this case in February of 2018. (ECF No. 27-1 at 2). His use of the grievance system for other issues indicates he understood the grievance process. Further, Plaintiff alleged no facts to support an exception to the exhaustion requirement.

Defendants' Statements of Fact regarding Plaintiff's failure to exhaust his administrative remedies are therefore deemed admitted. Plaintiff failed to exhaust his administrative remedies concerning the incident on May 19, 2017. Because Plaintiff failed to exhaust his administrative remedies, dismissal of all claims arising from the incident is mandatory, including those against Defendant Barnett.

This leaves the question of whether the dismissal should be with or without prejudice. Dismissal of a case for failure to exhaust is typically done without prejudice. *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015). Defendants cite five District Court cases[2] in support of their argument that the dismissal should be with prejudice. One of these cases is factually distinguishable, as the grievance policy in question contained a deadline for filing grievances and that deadline had "long since expired." *Nasseff v. Lisowy*, Case No. 14-CV-4704 JNE/BRT, 2015 WL 4545413, at *1 (D. Minn. July 28, 2015).

In two of the cited cases, the County facility grievance policies did not contain a filing deadline. Instead, the inmates had been transferred to the Arkansas Department of Correction and were therefore considered incapable of exhausting their grievances concerning incidents which occurred at the County facilities. *Wiley v. Neal*, Case No. 2:17CV00036-JLH-JTK, 2018 WL 578096, *3 (E.D. Ark. Jan. 4, 2018); *Acklin v. Underwood*, 2016 LEXIS 63442 *8 (E.D. Ark. May 13, 2016). Neither of these cases were appealed to the Eighth Circuit.

In one case cited, the existence of deadlines in the County policy was not discussed. Instead, the analysis relied solely upon the fact that the inmate had been transferred to the custody of the Arkansas Department of Correction and was therefore incapable of exhausting his administrative remedies for the County facility. *Sanderson v. Lopez*, Case No. 417CV00174JLHPSH, 2018 WL 1956469, at *3 (E.D. Ark. Apr. 3, 2018), *R. & R. adopted*, Case No. 417CV00174JLHPSH, 2018 WL 1950424 (E.D. Ark. Apr. 25, 2018). This case was not appealed to the Eighth Circuit.

The Eighth Circuit has affirmed a dismissal with prejudice for failure to exhaust, albeit for a case that involved a deadline to file grievances, because the deadline had passed and the inmate

---

[2] The case from the District of Alabama was not reviewed.

had therefore procedurally defaulted on his claims. *See Allen v. Jussila*, Case No. CIV 08-6366 JNE/JSM, 2010 WL 3521934, at *9 (D. Minn. Aug. 5, 2010) (because the deadline to file grievance was long past, and inmate could "no longer exhaust his claims, he has procedurally defaulted on them and his suit is precluded forever and must be dismissed with prejudice"), *R. & R. adopted*, Case No. CIV 08-6366 JNE/JSM, 2010 WL 3521927 (D. Minn. Sept. 1, 2010), *aff'd*, 430 F. App'x 555 (8th Cir. 2011) (unpublished).

The Sebastian County Detention Center grievance policy does not contain a deadline for inmates to file a grievance, distinguishing this case from *Nasseff* and *Allen*. Like the inmates in *Wiley*, *Sanderson*, and *Acklin*, Plaintiff is currently incarcerated in the Arkansas Department of Corrections. It is therefore unlikely that he will be able to exhaust the Sebastian County grievance process, which the policy language limits to "[i]nmates confined in the Sebastian County Detention Facility." It is, however, not impossible that Plaintiff might again be housed in the Sebastian County facility at some point before the § 1983 statute of limitations for this incident runs on May 19, 2020. He has therefore not procedurally defaulted on his claim at this time. In the absence of authority from the Eighth Circuit or other Circuits, which were not provided in the brief, the Court declines to depart from well-established precedent mandating that dismissals for failure to exhaust should be done without prejudice.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 26th day of March 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE